UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-CR-10459-RWZ |
| JONATHAN CASIANO,<br>a/k/a "King Legend" | |
| Defendant | |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits the instant memorandum in support of its recommendation for **151 months of incarceration** for the Defendant, Jonathan CASIANO, a/k/a "King Legend."  This recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

**THE ADVISORY SENTENCING GUIDELINES**

The parties agree with the offense level calculation provided U.S. Probation, which calculated the offense level in the final Presentence Report to be 29 (PSR ¶¶11-37).  This calculation is in line with the plea agreement (D. 2482).  With a criminal history score of 15, the criminal history category is VI (PSR ¶¶40-52), the guideline sentencing range ("GSR") calculated by Probation is 100 to 125 months (PSR ¶95).

The parties have agreed to a binding sentencing range of 96 to 151 months (D. 2482) under Fed. R. Crim. P. 11(c)(1)(C).

**ARGUMENT**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2).  Among those factors are the "nature and circumstances of the

offense," promoting respect for the law, and providing just punishment.  See 18 U.S.C. § 3553(a)(2)(A).  The sentence must also afford "adequate deterrence" for both the defendant and others.  See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct").  Lastly, the sentence must protect the public from the further crimes of the Defendant.  See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes of the defendant").  Consideration of the § 3553(a) factors demonstrates that a sentence of 151 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

A.      **Nature and Circumstances**

This Court is familiar with the nature of the Latin Kings enterprise and the crimes committed by its members. Unlike many of the codefendants, this Defendant is charged solely with a drug offense.  The sentence range contemplated by the Plea Agreement reflects the Defendant's distribution of controlled substances and possession of firearms, all of which took place while he was a member of this violent organization. See PSR ¶¶11-37. Here, the Defendant repeatedly dealt in controlled substances, even while on release for a prior drug and firearm case, and while in warrant status on the former Indictment.

The first incident in July 2019 revealed the Defendant was operating essentially a mobile drug distribution center out of his car.  State Police recovered 74 grams of cocaine, 486 Oxycontin pills, and over 800 plastic bags containing what was later determined to be fentanyl. Officers also located a loaded 9mm firearm.  In total, over 87 grams of fentanyl, 66 grams of cocaine and 55 grams of Gabapentin.  The Defendant was arrested for this offense, and released after posting bail. This offense would be charged by Indictment in December 2019, though the Defendant remained on release.

On February 18, 2020, Springfield Police executed search warrants at the Defendant's

residence.  The Defendant was searched prior to the execution of the warrant at his residence. On his person, officers located 90 bags bearing the logo "blue magic" and "best chuckie." At the Defendant's residence, it was clear that his operation was extensive.  Officers located over 2400 individual baggies containing fentanyl and heroin in his residence. Over 1800 of the baggies were branded with the "blue magic" logo, and over 660 baggies were branded with the "best chuckie" logo.  The drugs were later tested and determined to be 68.6 grams of fentanyl and heroin, 140 grams of cocaine and 123 grams of Gabapentin.

On both occasions, even the evidence found by the police showed that the Defendant was running a serious drug operation with literally hundreds of individual packages for retail sale ready to be distributed.  This is even more notable in that by February 2020, the Defendant had restarted his operation shortly after being released in January 2020.  All told, the nature and circumstances justify a sentence of 151 months.

### B.      Criminal History

The Defendant has an considerable criminal history with convictions for receiving stolen motor vehicle in 2003 (PSR ¶40), possession of a firearm in 2004 (PSR ¶41), possession with intent to distribute class A and cocaine in 2008 (PSR ¶42), assault and battery in 2008 (PSR ¶43), possession with intent to distribute class A in 2012 (PSR ¶44), breaking and entering for a felony in 2013 (PSR ¶45), and trafficking in heroin in 2015 (PSR ¶46).  The Defendant multiple prior cases that were indicted (PSR ¶¶41, 42, 46), and for which he has served prior prison terms of 2 to 3 years, 3 years, and 3 years.

### C.      Public Protection and Deterrence

Given the organized and extensive drug trafficking at issue in this case, the Court must ensure that the Defendant is specifically deterred from committing crimes in the future and ensure that the public recognizes such crimes merit serious punishment as well.  Though previously

convicted and sentenced to state prison, those prior sentences (and indeed pending cases such as the federal indictment) did nothing to deter him from future crimes.  If anything, the Defendant appears to have escalated his offenses, directing a sizeable drug operation from his residence while on pretrial release.  A sentence of 151 months is one that will specifically deter the Defendant from dealing drug in the future and prevent him from actually distributing drugs for at least the period of incarceration.

General deterrence must also be considered, and this Court should be mindful of the message that the sentence will send to armed drug dealers, particularly those with gang affiliation. A 151-month sentence is a clarion message that swift punishment and imprisonment for multiple years await them if they choose to deal drugs, affiliate with violent criminal organizations, and arm themselves with firearms.

Lastly, the Court must also take this opportunity to protect society from this Defendant and the potential for future crimes, punish him for the drugs that he dealt and the potential for violence that the firearm represents.  A 151-month sentence is the proper means to accomplish all these goals of sentencing.

## CONCLUSION

Due to the nature and circumstances of the crime, and because deterrence (both general and specific), respect for the law, and just punishment are all critical sentencing factors for this Defendant, the Court should impose a sentence of 151 months.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
617-748-3674

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Date:   September 1, 2022                Assistant U.S. Attorney